department, entered November 23, 1922, in favor of plaintiff upon the submission of a controversy under section 546 of the Civil Practice Act. The action was brought by a beneficiary to recover the face amount of a benefit certificate in a fraternal assessment society. The liability of the defendant was conceded, the point in issue being as to the amount of benefit payable upon the certificate in suit. The defendant contended that by reason of amendments to the by-laws, adopted subsequent to the time that the contract was entered into, the amount payable upon the certificate was only $622.47. The difference between $1,000, the face of the certificate, and $622.47, or $377.53, being the amount of a reserve deficiency lien which defendant claimed was chargeable against the certificate.

*Harry J. Frey* and *Edward J. Connolly* for appellant. *Frank E. Johnson* for respondent.

*Joseph K. Ellenbogen* for Lawrence Everett et al., certificate holders, intervening.

*Hervey J. Drake* for Superintendent of Insurance.

Judgment reversed and judgment granted dismissing plaintiff's claim, without costs, on authority of *Everett* v. *Supreme Council C. B. L.* (236 N. Y. 62).

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

EDWARD LA GOY, as Administrator of the Estate of NELSON LA GOY, Deceased, Appellant, *v.* THE DIRECTORGENERAL OF RAILROADS, Respondent.

*Negligence — railroads — automobile struck by train at railroad crossing — contributory negligence.*

La Goy v. Director-General of Railroads, 204 App. Div. 849, affirmed. (Argued April 26, 1923; decided May 11, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 24, 1922, affirming a judgment in favor of defendant entered upon an order of the court at a Trial

Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The death of the plaintiff's intestate resulted from a collision between an automobile in which he was riding, and one of the defendant's trains, at a private crossing. This is the second action brought by the plaintiff against the defendant. The first action resulted in a nonsuit by the Trial Term, which nonsuit was reversed by the Appellate Division. The defendant then took an appeal to the Court of Appeals, and the Court of Appeals reversed the Appellate Division and sustained the trial court, holding that the plaintiff's intestate was guilty of contributory negligence as a matter of law, and dismissed the complaint. (*La Goy* v. *Director-General*, 231 N. Y. 191.)

*John E. Judge* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

ANNA BARRY, as Administratrix of the Estate of WILLIAM J. BARRY, Deceased, Appellant, *v.* THE RUTLAND RAILROAD COMPANY, Respondent.

*Negligence — railroads — wagon struck by train at railroad crossing — contributory negligence.*

Barry v. Rutland Railroad Co., 203 App. Div. 287, affirmed.

(Argued April 26, 1923; decided May 11, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 24, 1922, affirming a judgment in favor of defendant entered upon an order of the Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. On the morning of July 8, 1921, at about eight-forty-five